UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMMIE L. FORD,
    Petitioner,

v.

JOSIE GASTELO,
    Respondent.

Case No. 18-cv-00846-RS (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254. He alleges his federal rights were violated when the state courts failed to revise his sentence under new laws created by Propositions 36 and 47. The petition for habeas relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. Respondent shall file a response to the petition on or before **July 23, 2018**, unless an extension is granted.

## BACKGROUND

In 2003, a Sonoma County Superior Court jury convicted petitioner of burglary, consequent to which he was sentenced, pursuant to California's Three Strikes Law, to two concurrent terms of 25 years to life in state prison. His state appeals and habeas petitions

were all denied, as were the federal habeas petition he filed in this Court (*Ford v. Ollison*, 06-cv-07862 JW) and his subsequent appeal to the Ninth Circuit.

Starting in 2014, petitioner filed petitions in the state superior, appellate, and supreme courts to revise his sentence pursuant to new laws (enacted through Propositions 36 and 47) that allowed for modifications of Three Strike sentences. All these petitions were denied. This federal habeas petition followed.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims the state courts denied him his federal constitutional rights in the ways stated in the petition. When liberally construed, the petition states cognizable claims. The Court reminds the parties that federal habeas relief is available only for violations of federal rights. Violations of state law are not remediable on federal habeas review, even if state law were erroneously applied or interpreted. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

This action is not barred by the rule against second or successive petitions, *see* 28 U.S.C. § 2244(b)(3)(A), despite the fact that petitioner filed a prior federal habeas petition concerning his conviction and sentence that was denied on the merits. The rule is not implicated because a denial of a Proposition 36 resentencing petition creates a new judgment. *Clayton v. Biter*, 868 F.3d 840, 844-845 (9th Cir. 2017) (a federal habeas

petition challenging a denial of resentencing under Proposition 36 attacks a new or intervening judgment and therefore is not second or successive, even if the judgment left in place an earlier challenged conviction and sentence).

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **July 23, 2018**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **July 23, 2018**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the

Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed *in forma pauperis* is GRANTED.  (Dkt. Nos. 2 and 7.)

9. The Clerk shall terminate Dkt. Nos. 2 and 7.

**IT IS SO ORDERED.**

**Dated:** May 16, 2018

_____
RICHARD SEEBORG
United States District Judge